## In re NEUBERGER.

(District Court, S. D. New York. April 16, 1925.)

1. Aliens ⬤⟳62—Continuous residence for five years essential to admission to citizenship.

An alien, who did not reside in the United States continuously for the five years preceding his application, is not entitled to admission to citizenship, irrespective of the length of his residence prior to such five-year period, the reason for his absence, or his intention to return.

2. Aliens ⬤⟳62—Residence held insufficient to entitle alien to naturalization.

A German subject, entering the United States in 1903, went to Germany in 1914, intending to return the same year, but was impressed into the German army, in which he had formerly been an officer, and served therein until after the close of the war, returning to the United States less than three years prior to the filing of his petition for naturalization. *Held*, that his residence was not sufficient to entitle him to admission to citizenship.

In the matter of the petition of Moritz Neuberger for naturalization. Petition denied without prejudice.

Guggenheimer, Untermeyer & Marshall, of New York City, for petitioner.

BONDY, District Judge. The petitioner came to the United States from Germany in 1903, and resided in the United States from 1903 to 1914. In an exhibit annexed to a verified statement of facts, submitted by the petitioner, it is alleged that he drilled in the German army in 1909. He remained an officer in that army until September, 1912, when he resigned. In June, 1914, he went abroad, unquestionably intending to return the following September. In July, 1914, he went to Koenigstein, Germany, to visit the widow of a brother, who died there suddenly while on a visit. From there he went to visit a sister in Nuremberg, Germany. There he was detained unwillingly as a German, subject to military duty. In October he was placed in a noncombatant position in the military post office in Nuremberg, as an officer. He was discharged December 28, 1918, and returned to the United States in May, 1921. His application for American citizenship was filed April 28, 1924. He therefore was in the United States only about 2 years and 11 months during the 5 years preceding his application.

The petitioner was a subject of the emperor of Germany. He knew that as such he could be compelled to serve in the German army against any country with which Germany may be at war, if in Germany. As a matter of fact, he did serve as an officer in an army carrying on war against the United States, however distasteful such military service may have been to him.

[1, 2] I believe that the naturalization of an alien who was actually in the United States only 2 years and 11 months in the 5 years next preceding his application for admission, and who, since he left the United States in 1914, served 4 years as an officer in an army which during part of that time carried on war against the United States, would violate the provision of the Naturalization Law that no alien shall be permitted to become a citizen who has not for the continued term of 5 years preceding his admission resided within the United States, irrespective of what may have caused his absence, irrespective of what may have been his intention to return, and irrespective of the length of time he resided in the United States before the 5 years next preceding admission. See United States v. Mulvey, 232 F. 513, 146 C. C. A. 471. The long absence of the petitioner leads the court to conclude that he did not reside in the United States for a continued term of 5 years preceding naturalization, within the meaning of the statute.

The petition, therefore, is denied without prejudice to a new application at the proper time.